# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESSICA MACK, *Plaintiff* | : : : | CIVIL ACTION |
| | : | Case No. 3:20-cv-877 |
| vs. | : : | JURY TRIAL REQUESTED |
| CAROUSEL PRESCHOOL, LLC, *Defendant* | : : | JUNE 25, 2020 |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this Action under 28 U.S.C. §§ 1331 and 1341 42 U.S.C. §2000e-5, insofar as the matters in controversy are brought pursuant to 29 U.S.C. §§2612 and 2620 *et seq.*, the recently-passed legislation amending certain provisions of the Family and Medical Leave Act, the Families First Coronavirus Response Act.

2. Venue in the District of Connecticut is proper because at all times relevant, Plaintiff resided in Connecticut, Plaintiff worked in Connecticut, Defendant had its principal place of business in Connecticut, and Defendant's managing member, Joyce Abate, resided in Connecticut.

### II. PARTIES

3. PLAINTIFF, Jessica Mack, ("PLAINTIFF"), was at all times relevant a resident of the town of Wallingford in the State of Connecticut.

4. DEFENDANT, Carousel Preschool, LLC ("DEFENDANT"), was at all times relevant a domestic limited liability company with a business address of 25 France Street, Norwalk, Connecticut, 06851.

## III.  FACTUAL ALLEGATIONS

5. At all times relevant, DEFENDANT was and is a company with fewer than 500 employees subject to the recently enacted Families First Coronavirus Response Act ("FFCRA"), which itself comprises the Emergency Paid Sick Leave Act ("EPSLA") and the Emergency Family and Medical Leave Expansion Act ("EFMLEA").

6. DEFENDANT operates a daycare and preschool at the aforesaid 25 France Street, Norwalk, Connecticut, 06851 address.

7. PLAINTIFF commenced her employment with DEFENDANT in or about August of 2016 as a preschool teacher, working with DEFENDANT's enrolled toddler children.

8. Plaintiff continued in this position through the wrongful termination of her employment on or about April 25, 2020.

9. Throughout the duration of her employment with DEFENDANT, PLAINTIFF performed her work at or above satisfactory levels.

10. At all times relevant, PLAINTIFF was a mother of two school-aged minor children.

11. On March 10, 2020, Ned Lamont, Governor of the State of Connecticut, declared a public health emergency throughout the State in response to the global pandemic of COVID-19, which had at that juncture "resulted in the spread of infections in Connecticut and surrounding states[.]"

12. On March 15, 2020, Governor Lamont issued Executive Order No. 7C, which, *inter alia*, cancelled all public school classes "[t]o promote and secure the safety and protection of children in schools related to the risks of COVID-19[,]" and "encouraged" "[p]rivate schools and other non-public schools … to follow the same protocol."

13. On March 20, 2020, Governor Lamont issued Executive Order No. 7H, which, *inter alia*, imposed restrictions on workplaces for non-essential businesses including the "100%" reduction in the workforces of non-essential businesses or not-for-profit entities, but exempted "child care and services needed to ensure the continuing operation of government agencies and the provision of goods, services or functions necessary for the health, safety and welfare of the public."

14. In response to municipal and state government action related to the COVID-19 pandemic, DEFENDANT called a staff meeting in or about early April, 2020, following the Effective Date of the FFCRA.

15. During the course of the staff meeting referenced in the preceding Paragraph, DEFENDANT notified PLAINTIFF and other staff members that "Carousel will remain open for families as long as we can[,]" and further acknowledging that the "Federal Government [had] enacted a 'Family First Act'[,]" a clear reference to the FFCRA, and an acknowledgment that DEFENDANT constituted an "employer" within the meaning of the FFCRA.

16. Despite DEFENDANT's unambiguous acknowledgment of the FFCRA's existence, DEFENDANT further conveyed during the course of the aforesaid staff meeting that "We won't know the language until the Secretary of Labor gives employers guidance." Nonetheless, DEFENDANT stated to its staff during the course of the same meeting that, "When we have this language, we will distribute to all employees."

17. The FFCRA's Effective Date was April 1, 2020.

18. In the same staff meeting, DEFENDANT further conveyed to PLAINTIFF and other DEFENDANT employees that "If you would like to not work and stay home

3

during this time of crisis, please let Tara [Abate, DEFENDANT's Program Administrator] know."

19. Each of the statements attributed to DEFENDANT in Paragraphs 15, 16, and 18 above were memorialized in a set of "meeting minutes," which were distributed to PLAINTIFF and other employees.

20. In the ensuing three weeks following the aforesaid staff meeting, PLAINTIFF informed DEFENDANT that she would only be able to work a reduced schedule, working 1-2 days per week, on account of her minor school-aged children not attending school following Governor Lamont's executive order shutting down schools. PLAINTIFF further conveyed to Defendant that such limitations would likely be in place until her minor children were allowed to return to school.

21. PLAINTIFF informed DEFENDANT of the aforesaid limitations on her ability to report to work via text message to Nicole Fagan, DEFENDANT's Enrollment Director, on or about March 29, 2020. Fagan, in response, conveyed to PLAINTIFF, *verbatim*, "What if school doesn't go back till September??  I will talk to Tara [Abate] tomorrow and prob she may call you?"

22. PLAINTIFF, in turn, responded to Fagan by informing her that in June of 2020, her minor children will be going to North Carolina for the summer, at which point she would be able to resume her regular schedule, and that PLAINTIFF needed to ensure in the interim that her children were completing school work remotely and otherwise tend to their needs while they were not physically attending school due to the closures.

23. Between March 29, 2020 and April 21, 2020, PLAINTIFF continued to work a reduced schedule of 1-2 days per week. During this timeframe, PLAINTIFF was

dependent upon her own parents to care for her minor children on those days she reported to work for DEFENDANT.

24. On or about April 25, 2020, however, and following PLAINTIFF's last day of work on April 21, 2020, PLAINTIFF notified DEFENDANT that her parents were no longer able to provide childcare for PLAINTIFF's minor children. As such, PLAINTIFF informed DEFENDANT that "Until further notice[,] I'm going to stay safe at home with [my children.]"

25. In response to PLAINTIFF notifying DEFENDANT of her inability to report to work on account of her child care situation related to the global pandemic and school closures, DEFENDANT, through its Program Administrator, Tara Abate, stated to PLAINTIFF, "Thank you for letting me know you will not be coming into work. I hope your Dad feels better."

26. Following the foregoing exchange, PLAINTIFF applied for benefits benefits with the Connecticut Department of Labor in light of her need to remain at home to care for her school-aged children.

27. In response to PLAINTIFF's application for benefits, and on or about May 8, 2020, DEFENDANT, in communications with the Department of Labor, falsely attested to PLAINTIFF having "voluntarily left her position at Carousel Preschool, LLC" and conveying that PLAINTIFF's "last date of employment was on April 21, 2020[,]" thereby terminating her employment.

28. Upon receiving the foregoing information through the Department of Labor, PLAINTIFF contacted Tara Abate, inquiring as to the reason why DEFENDANT had characterized the circumstances of her leave as her having "voluntary quit."

29. In response, Ms. Abate conveyed to PLAINTIFF, "We need to discuss this via phone."

30. In the ensuing phone call between PLAINTIFF and Abate, Abate began the conversation by deriding PLAINTIFF and stating, in words or substance, "You left your job and you didn't care! Your room has 9 kids in there and you didn't care about us. You left and stayed home!"

31. In response to the foregoing, PLAINTIFF reiterated to Abate that she has two school-aged children at home and could not report to work on account of public schools being shut down.

32. Prior to disconnecting the call, Abate stated to PLAINTIFF, in words or substance, "I just want to let you know I am very upset with you because of the email, and you questioning me about the unemployment!"

**COUNT ONE:    FFCRA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2615**

33. All preceding paragraphs are incorporated into this Count as if fully set out herein.

34. DEFENDANT is a company with fewer than 500 employees and was subject to the FFCRA at all times relevant.

35. PLAINTIFF was eligible for family leave and paid leave under the FFCRA.

36. PLAINTIFF engaged in protected activity when she exercised or attempted to exercise her rights to such leave under the FFCRA by, *inter alia*, informing DEFENDANT of her inability to report to work on the basis of a qualifying need related to a pubic health emergency in accordance with 29 U.S.C. § 2612(a)(1)(F) and § 2620, namely, that PLAINTIFF was "unable to work…due to a need for leave to care for" her minor children, whose "school…has been closed…due to a public health emergency."

37. DEFENDANT unlawfully interfered with PLAINTIFF's exercise or attempted exercise of rights under the FFCRA, in one or more of the following ways:

   a. In response to PLAINTIFF's protected activity, DEFENDANT terminated Plaintiff's employment, pretextually characterizing it as PLAINTIFF voluntarily quitting;

   b. DEFENDANT deliberately failed to notify PLAINTIFF that her request for leave was protected under the FFCRA;

   c. DEFENDANT has deliberately failed to pay PLAINTIFF for any and all leave in accordance with 29 U.S.C. § 2620(b)(2)(A) *et seq.*; and

   d. DEFENDANT deliberately and falsely characterized PLAINTIFF's leave request pursuant to the FFCRA as a "voluntary quit", thereby unlawfully and unjustifiably delaying and/or depriving PLAINTIFF of benefits to which she is entitled.

38. DEFENDANT's unlawful conduct, as aforesaid, was willful and was intended to deprive PLAINTIFF of her rights under the FFCRA.

39. DEFENDANT's unlawful conduct was not in good faith and DEFENDANT did not have reasonable grounds for believing its actions were in conformance with the FFCRA.

40. As a result of DEFENDANT's unlawful conduct, as aforesaid, PLAINTIFF has sustained lost wages, has been deprived of benefits to which she was entitled, has been deprived of the benefits of gainful employment into the future, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

**COUNT TWO:     FFCRA RETALIATION IN VIOLATION OF 29 U.S.C. § 2615**

41. All preceding paragraphs are incorporated into this Count as if fully set out herein.

42. DEFENDANT is a company with fewer than 500 employees, and was subject to the FFCRA at all relevant times.

43. PLAINTIFF was eligible for family leave and paid leave under the FFCRA.

44. PLAINTIFF engaged in protected activity when she exercised or attempted to exercise her rights to such leave under the FFCRA by, inter alia, informing DEFENDANT of her inability to report to work on the basis of a qualifying need related to a pubic health emergency in accordance with 29 U.S.C. § 2612(a)(1)(F) and § 2620, namely, that PLAINTIFF was "unable to work…due to a need for leave to care for" her minor children, whose "school…has been closed…due to a public health emergency."

45. DEFENDANT unlawfully retaliated against PLAINTIFF's exercise or attempted exercise of rights under the FFCRA, in one or more of the following ways:

   a. In response to PLAINTIFF's protected activity, DEFENDANT terminated Plaintiff's employment, pretextually characterizing it as PLAINTIFF voluntarily quitting;

   b. DEFENDANT deliberately failed to notify PLAINTIFF that her request for leave was protected under the FFCRA;

   c. DEFENDANT has deliberately failed to pay PLAINTIFF for any and all leave in accordance with 29 U.S.C. § 2620(b)(2)(A) et seq.; and

   d. DEFENDANT deliberately and falsely characterized PLAINTIFF's leave request pursuant to the FFCRA as a "voluntary quit", thereby

unlawfully and unjustifiably delaying and/or depriving PLAINTIFF of benefits to which she is entitled.

46. DEFENDANT's unlawful conduct, as aforesaid, was willful and was intended to deprive PLAINTIFF of her rights under the FFCRA.

47. DEFENDANT's unlawful conduct was not in good faith and DEFENDANT did not have reasonable grounds for believing its actions were in conformance with the FFCRA.

48. As a result of DEFENDANT's unlawful conduct, as aforesaid, PLAINTIFF has sustained lost wages, has been deprived of benefits to which she was entitled, has been deprived of the benefits of gainful employment into the future, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Money Damages for lost wages and employment benefits;
2. Reinstatement or Front Pay in lieu thereof;
3. Reasonable attorneys' fees;
4. Interest;
5. Liquidated Damages;
6. Costs of this Action; and
7. All other awardable relief.

PLAINTIFF,
JESSICA MACK

BY: _____
Matthew D. Paradisi (CT29915)
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone:  860-296-3457
Fax:  860-296-0676
Email:  mparadisi@cicchielloesq.com